Alan J. Reinach, Esq. State Bar No. 196899
CHURCH STATE COUNCIL
2686 Townsgate Road,
Westlake Village, CA 91359
805.413-7398
Fax: 805.497-7099
E-mail: ajreinach@churchstate.org
Jonathon S. Cherne, State Bar No. 281548, of counsel

Attorneys for Plaintiff TERESA DYKZEUL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA DYKZEUL,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS Inc.;<br><br>Defendant. | **Civ. No.** 18-5826<br>**COMPLAINT FOR ECONOMIC and COMPENSATORY DAMAGES, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>1. Discrimination (religion) – Title VII<br><br>2. Discrimination (religion) – FEHA |

## INTRODUCTION

Plaintiff Teresa Dykzeul is a Christian who does not work on the Sabbath because of her sincerely held religious belief. In 2015, Dykzeul applied for a sales position with Defendant Charter Communications, Inc. (hereinafter "Charter"). Charter discriminated

-1-

**DYKZEUL v. CHARTER COMMUNICATIONS, INC.**                              **COMPLAINT**

against Dykzeul when it refused to hire her because of her unavailability to work on Sabbath.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION AND PARTIES

1.     Plaintiff Teresa Dykzeul is an individual residing in the City of Encino, California, Los Angeles County, and is and was protected by Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act. She is a member of a protected class on account of her religion, Messianic Christian.

2.     Defendant Charter Communications is an employer of more than 21,000 persons, subject to suit for its violations of the various Federal and state laws protecting employees such as Plaintiff, herein, and as further alleged below. Based on information and belief, Charter Commuincations has numerous employees and customers in Los Angeles County and the Central District of California.

## JURISDICTION AND VENUE

3.     This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and the California Fair Employment and Housing Act. Plaintiff seeks damages for unlawful discrimination in her rejection for employment on the basis of her religion – Messianic Christian.

4.     Jurisdiction of this Court is based on a claim of deprivation of Federal Civil Rights and invoked pursuant to the following statutes:

-2-

**DYKZEUL v. CHARTER COMMUNICATIONS, INC.**                              **COMPLAINT**

      a. 28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and

      b. 28 U.S.C. § 1343, giving district courts original jurisdiction over actions to secure civil rights extended by the United States government.

5. Pendent jurisdiction is proper with respect to Plaintiff's state law claims.

6. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about December 27, 2015 alleging retaliation and discrimination on the basis of religion, charge number 485-2016-00107.

7. The EEOC issued a letter of determination on April 19, 2018, finding reasonable cause that Defendant Charter Communications discriminated against Dykzeul in that it failed to hire her because of her religion.

8. On May 15, 2018, Plaintiff received a Notice of Right to Sue from the EEOC. Plaintiff has therefore exhausted her administrative remedies, and this Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

9. Venue is proper in the Central District of California under 28 U.S.C. § 1391 because Plaintiff resides in this district. Defendant Charter Communications is a corporation subject to personal jurisdiction in the Central District at the time this action

-3-

**DYKZEUL v. CHARTER COMMUNICATIONS, INC.**           **COMPLAINT**

commenced because its contacts are sufficient to subject it to personal jurisdiction in this district.

## DEMAND FOR JURY TRIAL

10.     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

11.     Plaintiff Dykzeul is a Messianic Christian who observes the Sabbath from Friday sundown to Saturday sundown as a day of rest and worship. Dykzeul believes God established the obligation to refrain from secular work on the Sabbath, and she observes the Sabbath as a religious duty.

12.     Dykzeul believes Sabbath observance to be very important because: 1) God rested on the Sabbath after He created the world [See Genesis 2:2-3]; 2) Sabbath observance is one of the Ten Commandments 3) Sabbath is a weekly reminder that God is creator[*See* Exodus 20:8-11; Jeremiah 17:22]; and 4) Jesus rested on the Sabbath when He came to show man how to live and 5) after Jesus redeemed mankind by His death He asks mankind to observe the Sabbath as a sign that mankind is sanctified from sin [See Exodus 31:13; Isaiah 56:2; Ezekiel 20:12-20; Mark 15:42-44; Luke 23:54-56; and John 19:31].

13.     On October 15, 2015, Dykzeul was interviewed by Jim Swift, the Direct Sales

DYKZEUL v. CHARTER COMMUNICATIONS, INC.                                    COMPLAINT

Supervisor for Charter Communications, for a direct sales representative position.

14. The direct sales representative position works a Monday through Friday schedule -- Saturday work is only required if one's weekly quotas are not met during the regular five day weekly schedule.

15. During the interview process, Dykzeul informed Swift she is unavailable to work from sundown Friday to sundown Saturday due to her religious observance of Sabbath.

16. Swift expressed concern about accommodating Dykzeul, and told her he might not be able to hire her on account of her need for Sabbath accommodation.

17. Dykzeul offered to work Sundays instead of Saturdays, if she needed to work weekends.

18. Swift did not explore any available reasonable alternative means of accommodating Plaintiff's Sabbath observance—including the possibility of excusing her from working on days that conflicted with her Sabbath.

19. Dykzeul was qualified for the position.

20. Swift "was impressed by her and wanted to hire her" and "would have hired her" if she would work on her Sabbath.

21. Defendant did not hire Dykzeul because of her potential need for religious accommodation.

-5-

**DYKZEUL v. CHARTER COMMUNICATIONS, INC.** COMPLAINT

# FIRST CAUSE OF ACTION
## Discrimination - Religion
### In Violation of Title VII of the Civil Rights Act of 1964

22.    Plaintiff re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

23.    Plaintiff was at all times herein an employee covered by 42 U.S.C. § 2000e, et seq., prohibiting discrimination in employment on the basis of religion, and a member of a protected class based on her religious belief and practice – Messianic Christian and Sabbath observance.

24.    Title VII of the Civil Rights Act, as amended, 42 U.S.C. Section 2000e et. seq. makes it unlawful for an employer to discriminate against an employee on the basis of religion, including prohibiting a prospective employer from refusing to hire an applicant in order to avoid accommodating the applicants religious practice that it could accommodate without undue hardship.

25.    Defendant was at all times herein an employer subject to 42 U.S.C. 2000e, et seq.

26.    Plaintiff Dykzeul has a sincerely held religious belief not to work on the Sabbath, from sundown Friday to sundown Saturday.

27.    Plaintiff Dykzeul notified Defendant of her sincerely held religious belief.

28.    Defendant refused to hire Plaintiff because her religious observance of the Sabbath did not allow her to work on Saturdays, discriminating against Dykzeul in violation of

-6-
DYKZEUL v. CHARTER COMMUNICATIONS, INC.                                        COMPLAINT

Title VII of the Civil Rights Act of 1964.

29.    Defendant also discriminated against Dykzeul in that others were permitted to work on Sundays for non-religious reasons, but it would not hire Dykzeul since it might require accommodating her to work on Sundays.

30.    Plaintiff Dykzeul's need for religious accommodation was a motivating factor in Defendant's decision not to hire her.

31.    As a result of Defendant's discrimination alleged herein, Plaintiff has suffered harm in the form of lost wages, benefits, and other economic losses, plus interest thereon, in an amount according to proof.

32.    As a further direct and proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer anxiety, emotional distress, humiliation, and mental anguish, in an amount according to proof.

33.    In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights, thus making appropriate the award of punitive damages to punish that conduct and to deter that conduct on the part of defendant and others in the future. At all times mentioned previously, and continuing to the present, Defendant's agents, including Jim Swift, acting within the course and scope of their employment, deliberately made the ultimatum designed to keep Plaintiff's from

-7-

DYKZEUL v. CHARTER COMMUNICATIONS, INC.                                      COMPLAINT

working for Defendant.

34.    Attorney's fees are recoverable in an action for which they are specifically provided by statute. Plaintiff seeks an award of Attorney's fees, together with a multiplier, pursuant to Title 42 U.S.C. §§1988 and 2000e-5(k), as well as costs.

## SECOND CAUSE OF ACTION
### Discrimination - Religion
### In Violation of California Fair Employment & Housing Act
### Government Code § 12940 *et. seq.*

35.    Plaintiff re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

36.    It is unlawful for an employer to refuse to hire or employ a person (or to refuse to select a person for a training program leading to employment) because of a person's "religious creed." (Gov. Code § 12940, subd. (a).) A person's religious creed includes "all aspects of religious belief, observance, and practice." (Gov. Code § 12926 subd. (q).)

37.    It is also unlawful for an employer to refuse to hire or employ a person (or to refuse to select a person for a training program leading to employment) because of a conflict between the person's religious belief or observance and any employment requirement. (Gov. Code § 12940, subd. (l)(1).)

38.    Protected religious belief or observance includes "all aspects of religious belief, observance, and practice" (Gov. Code § 12926, subd. (q)), and, for accommodation purposes, specifically includes "observance of a Sabbath" (Gov. Code § 12940, subd.

-8-

DYKZEUL v. CHARTER COMMUNICATIONS, INC.                                    COMPLAINT

(l)(1)).

39.     Defendants discriminated against Plaintiff by refusing to hire her on account of her religious observance of the Sabbath, in violation of Plaintiff's rights pursuant to California Fair Employment & Housing Act, Government Code 12940 *et. seq.*

40.     As a direct and proximate result of the discriminatory actions of Defendant, as alleged herein, Plaintiff has suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, plus interest thereon.

41.     Defendant's failure to hire alleged herein was also a substantial factor in causing Plaintiff to suffer, and continue to suffer, anxiety, emotional distress, humiliation, and mental anguish, in an amount according to proof.

42.     The conduct complained of herein was carried out by directors, officers or managing agents of Defendant, and was done with malice, oppression or fraud. Specifically, Defendant knew that discrimination on the basis of religion is unlawful and harmful to Plaintiff and to the public. Despite this, Defendant intentionally discriminated against Plaintiff by failing to hire her because of her religion, in a manner that was cold, callous, cruel and despicable.  Accordingly, Plaintiff seeks exemplary and punitive damages in an amount according to proof at trial, but no less than an amount sufficient to punish Defendant and set an example in order to deter such malicious and despicable conduct in the future.

-9-

DYKZEUL v. CHARTER COMMUNICATIONS, INC.                                    COMPLAINT

43.    California Code of Civil Procedure § 1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Plaintiff seeks an award of reasonable attorney's fees and costs, pursuant to Government Code § 12965(b), based on an appropriate lodestar rate, together with a multiplier as this court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Teresa Dykzeul respectfully requests the following relief:

1. Declaratory Relief, declaring that Defendant violated Plaintiff's right to be free of discrimination in the workplace and hiring process;

2. Injunctive Relief, compelling Defendants to refrain from discrimination in the workplace; hiring Plaintiff with appropriate accommodations for Plaintiff's religion; and adopting such policies and practices as this court deems just and proper; management training on the subjects of reasonable accommodation for religion, prevention of discrimination generally, and how to handle accommodation requests during the hiring process;

3. Compensatory economic damages;

4. Compensatory non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an amount according to proof at trial.

-10-

DYKZEUL v. CHARTER COMMUNICATIONS, INC.                           COMPLAINT

5. Order Defendants to pay Prejudgment interest;

6. Order Defendants to pay Punitive damages sufficient to make an example of and to punish Defendants.

7. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs.

8. Grant such further relief as this Court deems just and proper.

Dated:      June 20, 2018
Westlake Village, California

Respectfully submitted,

CHURCH STATE COUNCIL

_____

By:   Alan J. Reinach, Esq.
      Jonathon Cherne, Esq.
      Attorneys for Plaintiff Teresa Dykzeul

-11-

DYKZEUL v. CHARTER COMMUNICATIONS, INC.                                        COMPLAINT